IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH HOUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00669-MJR |
| | ) |
| USA, MAUREEN BAIRD, | ) |
| RANDELL PASS, MRS. BAGWELL, | ) |
| SARA REVELL, DR. HARVEY, | ) |
| CHARLES SAMUELS, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Kenneth Houck, an inmate who is currently incarcerated in the Federal Correctional Institution at Marion, Illinois ("FCI-Marion"), filed a motion for emergency temporary restraining order ("TRO motion") that is now before this Court for consideration (Docs. 1, 1-1). Plaintiff seeks an Order requiring officials at FCI-Marion to provide him with prescription medication for his restless leg syndrome with periodic limb movement ("RLS/PLM"). Plaintiff has allegedly suffered from RLS/PLM since birth, but Pramipexole effectively controls all of his symptoms[1] (Doc. 1, pp. 1-2). Since June 2, 2016, officials at FCI-Marion have withheld the medication for reasons that Plaintiff does not disclose in his TRO motion (Doc. 1) or supporting memorandum of law (Doc. 1-1, p. 3). He seeks immediate reinstatement of the prescription. For the reasons discussed herein, Plaintiff's TRO motion shall be **DENIED without prejudice**.

---

[1] These symptoms include muscle spasms, uncontrolled movements, and "jolts" in Plaintiff's legs and elsewhere that occur while he is awake and asleep. These spasms prevent him from resting, resulting in fatigue, physical distress, and psychological distress. *See* Doc. 1, pp. 1-2.

Because the plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  This is not possible, however, because Plaintiff failed to file a complaint.  The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3.  This is "the first step in the action."  *Id*., Advisory Committee Notes, 1937 Adoption.  Plaintiff's TRO motion (Doc. 1) does not suffice as a complaint.

Although *pro se* litigants are not held to the same standards that apply to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of civil procedure.  *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system.  Without a complaint, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005).  Nor can the Court determine the exact causes of action that Plaintiff intends to bring against each defendant.  Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

By way of example only, the case caption in the TRO motion refers to both the United States and various BOP officials as defendants.  However, the pleading does nothing to clarify what claims Plaintiff intends to assert against each of these defendants.  In the absence of a complaint that identifies each defendant who is responsible for a violation of Plaintiff's rights and the conduct giving rise to each claim, the Court is unable to fully analyze Plaintiff's claims or consider his TRO motion.

This is not the first time that Plaintiff has tried to commence a federal lawsuit without filing a complaint. According to the Public Access to Court Electronic Records website (www.pacer.gov), Plaintiff attempted to commence two prior actions in federal court without a complaint. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). In both, Plaintiff was warned that a complaint is required, and he was repeatedly ordered to stop filing letters, motions, and other papers in place of a proper complaint. *See, e.g., Houck v. Denham*, No. 14-cv-03264-LTB (D.C. Colo. 2014) (Doc. 3); *Houck v. Denham*, No. 15-cv-00894-KMT (D. C. Colo. filed April 27, 2015) (Docs. 3, 13, 17, 30, 36). Significantly, one of the cases was dismissed because Plaintiff failed to comply with the Court's order to file a complaint. *See Houck v. Denham*, No. 14-cv-03264-LTB (D.C. Colo. 2014) (Doc. 4).

In recognition of this requirement, Plaintiff states in his supporting memorandum of law: **"Plaintiff admits it may not be entirely proper or thoroughly enough to succeed without a formal complaint submitted properly on official court forms, but in the interest of time and the consideration of these circumstances explained herein, Plaintiff prays he will be heard"** (Doc. 1-1, p. 1) (emphasis added). Plaintiff is correct. A complaint is required to properly commence this action, and his TRO motion does not qualify as such. Until he files a complaint, he cannot proceed.

Without expressing any opinion regarding the ultimate merits of Plaintiff's claim(s) for relief, the Court concludes that a temporary restraining order should not be issued at this time. That being said, the Court takes Plaintiff's allegations seriously. If he wishes to renew his request for a TRO or preliminary injunction, Plaintiff is free to do so at any time after filing his complaint. *See* FED. R. CIV. P. 65(a)-(b).

**IT IS HEREBY ORDERED** that the motion for emergency temporary restraining order (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that on or before July 26, 2016, Plaintiff shall file a complaint, thereby initiating this action. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's standard civil rights complaint form to prepare the pleading. He must clearly identify which claim(s) he is bringing against each defendant. In particular, the allegations should demonstrate which defendants are personally responsible for any claimed violation of his rights.

Plaintiff is further reminded that he may not bring several unrelated claims against different defendants in the same complaint. Such unrelated claims are subject to severance into one or more separate actions, and Plaintiff will be obligated to pay a separate filing fee for each action. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). If Plaintiff wishes to avoid severance and the associated filing fees, he should limit his complaint to claims that are factually and legally related.

Plaintiff is hereby **WARNED** that failure to file a proper complaint by the prescribed deadline will result in dismissal of this action for lack of subject matter jurisdiction. Such a dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to mail Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 21, 2016**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge**
**United States District Court**