IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH HOUCK, #06743-015, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-cv-00669-MJR ) |
| USA, MAUREEN BAIRD, RANDELL PASS, MRS. BAGWELL, SARA REVELL, DR. HARVEY, CHARLES SAMUELS, and UNKNOWN PARTIES, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On June 20, 2016, Plaintiff Kenneth Houck filed a Motion for Emergency Temporary Restraining Order ("TRO motion") (Doc. 1), in which he asked the Court to enter an Order requiring officials at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), to reinstate his prescription medication for restless leg syndrome with periodic limb movement. Plaintiff failed to file a Complaint. On June 21, 2016, this Court denied Plaintiff's TRO motion and ordered him to file a Complaint within thirty-five days (on or before July 26, 2016), if he wished to proceed with his claims (*see* Doc. 4). On June 28, 2016, Plaintiff filed a Motion for Extension (Doc. 5) of this deadline until August 26, 2016, and the Court granted his motion (Doc. 6). Accordingly, the Complaint was due on or before August 26, 2016.

Both the original and extended deadlines for filing a Complaint have passed. Plaintiff has not filed a Complaint. He has also not requested another extension of the deadline

for doing so. In fact, he has not communicated with the Court since June 28, 2016 (*see id.*). The Court will not allow this matter to linger indefinitely.

Accordingly, this action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with two Orders of this Court (*see* Docs. 4, 6). *See* FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall *not* count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff incurred the obligation to pay a filing fee for this action on the date he filed his TRO motion, and he remains obligated to pay this fee.[1] His Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is currently pending. A separate Order shall issue regarding payment of the filing fee.

If Plaintiff wishes to appeal this Order, he may file a Notice of Appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the Judgment, and this 28-day deadline cannot be extended.

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 31, 2016**

s/ MICHAEL J. REAGAN
**MICHAEL J. REAGAN**
**United States District Judge**
